**Hearing Date: October 14, 2025 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: October 7, 2025 at 4:00 p.m. (Prevailing Eastern Time)**

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Frank A. Oswald
Minta J. Nester
John C. Gallego

*Attorneys for William W. Koeppel, Harrison Koeppel,*
*Jean Koeppel, William C. Koeppel, Christopher Alvarado,*
*The Law Office of Christopher Alvarado, P.C.,*
*Koeppel & Koeppel Realty Management, and Whitehouse*
*Estates, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------- x
                                                                       :
In re:                                                                 :    Chapter 11
                                                                       :
EASTGATE WHITEHOUSE, LLC,                                              :    Case No. 22-22635 (SHL)
                                                                       :
                                   Debtor.                             :
                                                                       :
--------------------------------------------------------------------- x
DAVID WALLACE, as Chapter 11 Plan                                     :
Administrator of The Estate of EASTGATE                               :
WHITEHOUSE, LLC,                                                      :
                                                                       :    Adv. Pro. No. 24-07028 (SHL)
                                   Plaintiff,                          :
                                                                       :
                   v.                                                  :
                                                                       :
WILLIAM W. KOEPPEL, HARRISON KOEPPEL,                                 :
JEAN KOEPPEL, WILLIAM C. KOEPPEL,                                     :
LIVINGSTON MANAGEMENT LLC,                                            :
CHRISTOPHER ALVARADO, THE LAW OFFICE                                  :
OF CHRISTOPHER ALVARADO, P.C., KOEPPEL                                :
& KOEPPEL REALTY MANAGEMENT, LIVING                                   :
NY, WHITEHOUSE ESTATES, INC., "JOHN DOE                               :
NO. 1" to "JOHN DOE NO. 20" inclusive, the last                       :
twenty names being fictitious and unknown to                          :
plaintiff, representing persons, insiders or affiliates,              :
parties or corporations, if any, having participated                  :
in the actions complained of herein and/or who                       :
may have received improper and avoidable                              :
transfers from the Debtor,                                            :
                                                                       :
                                   Defendants.                         :
--------------------------------------------------------------------- x

**NOTICE OF HEARING TO CONSIDER
THE TOGUT FIRM'S MOTION TO WITHDRAW
AS COUNSEL IN THE ABOVE-CAPTIONED ADVERSARY PROCEEDING**

**PLEASE TAKE NOTICE** that, on September 26, 2025, Togut, Segal, & Segal LLP (the "Togut Firm"), counsel to William W. Koeppel, Harrison Koeppel, Jean Koeppel, William C. Koeppel, Christopher Alvarado, The Law Office of Christopher Alvarado, P.C., Koeppel & Koeppel Realty Management, and Whitehouse Estates, Inc., filed the *Motion to Withdraw as Counsel* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that a hearing (the "Hearing") has been scheduled for **10:00 a.m. (Prevailing Eastern Time) on October 14, 2025,** before the Honorable Sean H. Lane, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of New York (the "Court"), to consider the relief requested in the Motion and objections to the Motion, if any.

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be conducted via Zoom for Government. Parties wishing to appear at or attend the Hearing (whether "live" or "listen only") are required to register their appearance at https://ecf.nysb.uscourts.gov/cgibin/nysbAppearances.pl by **10:00 a.m. (Prevailing Eastern Time) on October 10, 2025.** Instructions and additional information about the Court's remote attendance procedures can be found at https://www.nysb.uscourts.gov/ecourt-appearances. The Court will circulate by email the Zoom link to the Hearing to those parties who properly made an electronic appearance prior to the Hearing.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned from time to time by an announcement of the adjourned date or dates at the Hearing or a later hearing or by filing a notice with the Court.

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the relief requested at the Hearing shall be (a) in writing, in English, and in text-searchable format, (b) filed with the Court electronically, and (c) served on the Togut Firm and the Notice Parties (as defined in the Motion) so as to be received no later than **<u>4:00 p.m. on October 7, 2025</u>** (the "<u>Objection Deadline</u>"), in accordance with the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), the Local Bankruptcy Rules for the Southern District of New York (the "<u>Local Rules</u>"), and the Court's Chambers' Rules (available at https://www.nysb.uscourts.gov/content/judge-seanh-lane), to the extent applicable.

**PLEASE TAKE FURTHER NOTICE** that all objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

*[concluded on following page]*

**PLEASE TAKE FURTHER NOTICE** that, if no responses or objections are timely filed and served with respect to the Motion, the Togut Firm may, on or after the Objection Deadline, submit to the Court an order, substantially in the form of the proposed order attached to the Motion, under certification of counsel or certification of no objection, which order may be entered by the Court without further notice or opportunity to be heard.

DATED:  New York, New York
        September 26, 2025

        TOGUT, SEGAL & SEGAL LLP
        By:

        */s/ Frank A. Oswald*
        FRANK A. OSWALD
        MINTA J. NESTER
        JOHN C. GALLEGO
        One Penn Plaza, Suite 3335
        New York, New York 10119
        (212) 594-5000

        *Attorneys for William W. Koeppel, Harrison Koeppel, Jean Koeppel, William C. Koeppel, Christopher Alvarado, The Law Office of Christopher Alvarado, P.C., Koeppel & Koeppel Realty Management, and Whitehouse Estates, Inc.*

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Frank A. Oswald
Minta J. Nester
John C. Gallego

*Attorneys for William W. Koeppel, Harrison Koeppel,*
*Jean Koeppel, William C. Koeppel, Christopher Alvarado,*
*The Law Office of Christopher Alvarado, P.C.,*
*Koeppel & Koeppel Realty Management, and Whitehouse*
*Estates, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
                                                                 :
In re:                                                           :    Chapter 11
                                                                 :
EASTGATE WHITEHOUSE, LLC,                                         :    Case No. 22-22635 (SHL)
                                                                 :
                                    Debtor.                       :
                                                                 :
                                                                 :
---------------------------------------------------------------- x
                                                                 :
DAVID WALLACE, as Chapter 11 Plan                                :
Administrator of The Estate of EASTGATE                          :
WHITEHOUSE, LLC,                                                 :
                                                                 :    Adv. Pro. No. 24-07028 (SHL)
                                    Plaintiff,                    :
                                                                 :
                                                                 :
                v.                                               :
                                                                 :
WILLIAM W. KOEPPEL, HARRISON KOEPPEL,                            :
JEAN KOEPPEL, WILLIAM C. KOEPPEL,                                :
LIVINGSTON MANAGEMENT LLC,                                       :
CHRISTOPHER ALVARADO, THE LAW OFFICE                             :
OF CHRISTOPHER ALVARADO, P.C., KOEPPEL                           :
& KOEPPEL REALTY MANAGEMENT, LIVING                              :
NY, WHITEHOUSE ESTATES, INC., "JOHN DOE                          :
NO. 1" to "JOHN DOE NO. 20" inclusive, the last                  :
twenty names being fictitious and unknown to                     :
plaintiff, representing persons, insiders or affiliates,         :
parties or corporations, if any, having participated             :
in the actions complained of herein and/or who                  :
may have received improper and avoidable                         :
transfers from the Debtor,                                       :
                                                                 :
                                    Defendants.                   :
                                                                 :
---------------------------------------------------------------- x

## MOTION TO WITHDRAW AS COUNSEL IN THE <u>ABOVE-CAPTIONED ADVERSARY PROCEEDING</u>

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

Togut, Segal, & Segal LLP (the "<u>Togut Firm</u>"), counsel to William W. Koeppel ("<u>Mr. Koeppel</u>"), Harrison Koeppel, Jean Koeppel, William C. Koeppel, Christopher Alvarado ("<u>Mr. Alvarado</u>"), The Law Office of Christopher Alvarado, P.C., Koeppel & Koeppel Realty Management, and Whitehouse Estates, Inc. (collectively, the "<u>Clients</u>") in the above-captioned adversary proceeding (the "<u>Adversary Proceeding</u>"), respectfully submits this application (the "<u>Motion</u>") for entry of an order, pursuant to Rule 2090-1(e) of the Local Bankruptcy Rules for the Southern District of New York (the "<u>Local Rules</u>"), authorizing the Togut Firm to withdraw as the Clients' counsel in the Adversary Proceeding.  In support of this Motion, the Togut Firm respectfully submits the *Declaration of Frank A. Oswald in Support of the Motion to Withdraw as Counsel*, attached hereto as **Exhibit "A"** (the "<u>Oswald Declaration</u>"), and respectfully states:

### <u>JURISDICTION AND VENUE</u>

1.      This Court has jurisdiction over this case and this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue is proper in this district pursuant to 28 U.S.C. § 1409.

2.      The predicate for this Motion is Local Rule 2090-1.

## BACKGROUND

### I.      The Chapter 11 Case

3.      On August 19, 2022, Eastgate Whitehouse, LLC (the "<u>Debtor</u>")
commenced the above-captioned Chapter 11 case (the "<u>Chapter 11 Case</u>") in the United
States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>").

4.      On January 18, 2024, David Wallace was appointed as Chapter 11
Plan Administrator pursuant to the *Findings of Fact, Conclusions of Law, and Order (I)
Approving Disclosure Statement on Final Basis and (II) Confirming Barclays Bank PLC's
Chapter 11 Liquidating Plan for the Debtor* [Ch. 11 Docket No. 256].

### II.      The Adversary Proceeding

5.      On August 16, 2024, David Wallace, as the Chapter 11 Plan
Administrator (the "<u>Plan Administrator</u>" or the "<u>Plaintiff</u>") commenced the Adversary
Proceeding against the Clients and others by filing the *Complaint* [Adv. Pro. Docket No.
1-1] (the "<u>Complaint</u>").[1]

6.      The Togut Firm has appeared in the Adversary Proceeding on
behalf of the Clients [Adv. Pro. Docket Nos. 2, 5, 7] and, on November 14, 2024, filed the
*Answer and Affirmative Defenses* [Adv. Pro. Docket No. 9].

7.      On May 5, 2025, the Bankruptcy Court entered the *Scheduling and
Pre-Trial Order* [Adv. Pro. Docket No. 18] (the "<u>Scheduling Order</u>").

8.      Pursuant to the Scheduling Order, the Plaintiff and the Clients
exchanged initial disclosures on May 15, 2025.  The Plaintiff and the Clients have served

---

[1]     Prior to the commencement of this Adversary Proceeding, the Plan Administrator commenced an
action against Big Man City Laundry Limited, Mr. Koeppel, and Harrison Koeppel.  *See Wallace v. Big
Man City Laundry Limited, et al.*, Adv. Pro. No. 24-07015 (SHL) (Bankr. S.D.N.Y.) (the "<u>BMCLL
Adversary Proceeding</u>").  Attorneys from Zukerman Gore Brandeis & Crossman, LLP (the
"<u>Zukerman Gore Firm</u>") are counsel to the defendants in the BMCLL Adversary Proceeding.

discovery requests and written responses and objections to the discovery requests pursuant to the Scheduling Order.

9.    On July 31, 2025, the Court entered the *Corrected First Amended Scheduling and Pre-Trial Order* [Adv. Pro. Docket No. 38] (the "First Amended Scheduling Order").  Among other things, the Amended Scheduling Order extended the deadline by which the Plaintiff and the Clients would substantially complete their production of documents to September 18, 2025.

10.    On September 18, 2025, the Court entered the *Second Amended Scheduling an Pre-Trial Order* [Adv. Pro. Docket No. 44] (the "Second Amended Scheduling Order").

### III.    The Togut Firm's Representation of the Clients

11.    Since its engagement, the Togut Firm has conducted significant and legal factual diligence regarding the allegations in the Complaint to, among other things, deliver a position letter, prepare and file the Answer, and more recently, provide a settlement proposal to the Plan Administrator on behalf of the Clients. *See* Oswald Decl., ¶ 3.

12.    While the parties had engaged in formal discovery for several months before the submission of the settlement proposal in July, the discovery deadlines in the Adversary Proceeding were extended on agreement between the Togut Firm and counsel for the Plan Administrator, as reflected in, and approved by, the First Amended Scheduling Order.  *See id.*, ¶ 4.

13.    Around this time, the Clients communicated to the Togut Firm, through Mr. Koeppel and Mr. Alvarado, that they had determined to transition the defense of the Adversary Proceeding to new counsel, primarily because the costs attendant to the Togut Firm had become burdensome to the Clients.  However, the

Clients asked, and the Togut Firm agreed, for the Togut Firm to remain involved in the matter during the "pause" period created by the extended discovery deadlines for the purpose of participating in settlement discussions with Plan Administrator's counsel and to facilitate the transition of the litigation to new counsel to be identified and engaged by the Clients (to the extent the litigation were not settled during this period). *See id.,* ¶ 5.

14.     More recently, the Togut Firm assisted the Clients with responding to certain information requests received from the Plan Administrator and Barclays in connection with the sale of the building at 350 E. 52nd Street.  *See id.,* ¶ 6.

15.     The Togut Firm informed the Clients that the Togut Firm intended to move to formally withdraw from its representation of the Clients in the Adversary Proceeding.  *See id.,* ¶ 7.

16.     On September 4, 2025, the Togut Firm advised counsel for the Plan Administrator of the Clients' decision to transition the litigation to new counsel and of the Clients' intention to focus on a global settlement that would include the Adversary Proceeding.  Counsel for the Plan Administrator and the Togut Firm agreed to schedule a settlement conference to review the settlement proposal and to further extend the deadlines pending under the First Amended Scheduling Order.  *See id.,* ¶ 8.

17.     As set forth above, on September 18, 2025, the Court entered the Second Amended Scheduling Order, further extending the disocvery deadlines as set forth therein.  *See id.,* ¶ 9.

18.     It is the Clients' hope and intention that, during this pause (as extended by the Second Amended Scheduling Order), the parties to the Adversary Proceeding can focus on reaching a settlement, and that any such settlement will also, and more globally, resolve, among others, the claims of the Plan Administrator asserted

5

in the BMCLL Adversary Proceeding (being handled on behalf of certain of the Clients by the Zukerman Gore Firm) as well as claims of Barclays arising under Mr. Koeppel's personal guarantee in favor of Barclays.  As noted, counsel for the Plan Administrator has responded favorably to the requests to schedule a settlement conference in connection with the July 22nd settlement proposal, as well as the Zukerman Gore Firm's settlement proposal in the BMCLL Adversary Proceeding.[2]  However, to date, such conference has not yet taken place and a substantive response on the Togut Firm's settlement proposal has not yet been received.  *See id.,* ¶ 10.

19.     If the settlement conference with counsel is scheduled and held prior to entry, if any, by the Court of the order approving the Togut Firm's withdrawal, the Togut Firm expects to attend such conference on the Clients' behalf.  If the Court enters such order before the settlement conference is held, then notwithstanding the Togut Firm's withdrawal as counsel of record, the Togut Firm still intends, if and to the extent expressly requested by the Clients, to participate in such settlement conference and to aid in the transition of the litgiation to successor counsel.  *See id.,* ¶ 11.

20.     A copy of this Motion and the Oswald Declaration have been provided to the Clients.  *See id.,* ¶ 12.

21.     As of the date hereof, it is the Togut Firm's understanding that successor counsel has not yet been engaged by the Clients.  *See id.,* ¶ 13.

## RELIEF REQUESTED

22.      For the reasons set forth herein, the Togut Firm seeks an order of this Court, substantially in the form of the Proposed Order annexed hereto as **Exhibit "B,"** authorizing it to withdraw as counsel to the Clients in the Adversary Proceeding.

---

[2]     On the Togut Firm's understanding, the Zukerman Gore Firm first conveyed its settlement proposal in the BMCLL Adversary Proceeding on or around March 5, 2025.

and granting such other and further relief as the Court may deem just and proper.

## BASIS FOR RELIEF

23.     Local Rule 2090-1(e) provides that "[a]n attorney who has appeared as attorney of record may withdraw or be replaced only by order of the Court for cause shown."  Whether cause exists to grant a motion to withdraw discretion falls to the sound discretion of the trial court.  *See, e.g., Stair v. Calhoun,* 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010).

24.     For the reasons set forth herein and in the Oswald Declaration, the Togut Firm respectfully submits that it should be permitted to withdraw from representing the Clients in the Adversary Proceeding.

## NOTICE

25.     Notice shall be provided by electronic transmission and overnight delivery to:  (i) the Clients;  (ii) counsel to the Plaintiff;  (iii) counsel for Livingston Management LLC;  and (iv) counsel for Living NY (collectively, the "Notice Parties").  The Togut Firm respectfully requests that the Court find that such notice is sufficient and that no other or further notice of the relief requested herein is necessary or appropriate.

## NO PRIOR REQUEST

26.     No prior application for the relief requested herein has been made to this or any other Court.

*[concluded on following page]*

7

## <u>CONCLUSION</u>

**WHEREFORE,** the Togut Firm respectfully requests that this Court enter an order, substantially in the form of the Proposed Order, annexed hereto as **Exhibit "B,"** permitting the Togut Firm to withdraw as the Clients' counsel, and granting such other and further relief as the Court may deem just and proper.

DATED:  New York, New York
        September 26, 2025

            TOGUT, SEGAL & SEGAL LLP
            By:

            */s/ Frank A. Oswald*
            FRANK A. OSWALD
            MINTA J. NESTER
            JOHN C. GALLEGO
            One Penn Plaza, Suite 3335
            New York, New York 10119
            (212) 594-5000

            *Attorneys for William W. Koeppel, Harrison Koeppel, Jean Koeppel, William C. Koeppel, Christopher Alvarado, The Law Office of Christopher Alvarado, P.C., Koeppel & Koeppel Realty Management, and Whitehouse Estates, Inc.*

## Exhibit A

**(Oswald Declaration)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
                                                            :
In re:                                                      :     Chapter 11
                                                            :
EASTGATE WHITEHOUSE, LLC,                                    :     Case No. 22-22635 (SHL)
                                                            :
                    Debtor.                                 :
                                                            :
------------------------------------------------------------------ x
DAVID WALLACE, as Chapter 11 Plan                            :
Administrator of The Estate of EASTGATE                      :
WHITEHOUSE, LLC,                                             :
                                                            :     Adv. Pro. No. 24-07028 (SHL)
                    Plaintiff,                               :
                                                            :
        v.                                                  :
                                                            :
WILLIAM W. KOEPPEL, HARRISON KOEPPEL,                        :
JEAN KOEPPEL, WILLIAM C. KOEPPEL,                            :
LIVINGSTON MANAGEMENT LLC,                                   :
CHRISTOPHER ALVARADO, THE LAW OFFICE                         :
OF CHRISTOPHER ALVARADO, P.C., KOEPPEL                       :
& KOEPPEL REALTY MANAGEMENT, LIVING                          :
NY, WHITEHOUSE ESTATES, INC., "JOHN DOE                      :
NO. 1" to "JOHN DOE NO. 20" inclusive, the last              :
twenty names being fictitious and unknown to                 :
plaintiff, representing persons, insiders or affiliates,     :
parties or corporations, if any, having participated         :
in the actions complained of herein and/or who               :
may have received improper and avoidable                     :
transfers from the Debtor,                                    :
                                                            :
                    Defendants.                              :
------------------------------------------------------------------ x

## DECLARATION OF FRANK A. OSWALD
## IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL
## IN THE ABOVE-CAPTIONED ADVERSARY PROCEEDING

Pursuant to 28 U.S.C. § 1746, I, Frank A. Oswald, declare:

1.      I am an attorney at law, duly admitted to practice in the State of

New York, as well as before the United States District Court of the Southern District of

New York.  I am a member of Togut, Segal & Segal LLP (the "Togut Firm") and counsel

to William W. Koeppel ("Mr. Koeppel"), Harrison Koeppel, Jean Koeppel, William C.

Koeppel, Christopher Alvarado ("Mr. Alvarado"), The Law Office of Christopher

Alvarado, P.C., Koeppel & Koeppel Realty Management, and Whitehouse Estates, Inc.

(collectively, the "Clients") in the above-captioned adversary proceeding (the

"Adversary Proceeding").

2.       I submit this Declaration in support of the *Motion to Withdraw as

Counsel* (the "Motion"), which is filed contemporaneously herewith.[1]  The statements set

forth herein are based upon my personal knowledge and belief, as well as my review of

the relevant docketed materials in the Chapter 11 Case and the Adversary Proceeding.

3.       Since its engagement, the Togut Firm has conducted significant and

legal factual diligence regarding the allegations in the Complaint to, among other

things, deliver a position letter, prepare and file the Answer, and more recently, provide

a settlement proposal to the Plan Administrator on behalf of the Clients.

4.       While the parties had engaged in formal discovery for several

months before the submission of the settlement proposal in July, the discovery

deadlines in the Adversary Proceeding were extended on agreement between the Togut

Firm and counsel for the Plan Administrator, as reflected in, and approved by, the

*Corrected First Amended Scheduling and Pre-Trial Order*, entered by the Court on July 31,

2025 (the "First Amended Scheduling Order").

5.       Around this time, the Clients communicated to me, through Mr.

Koeppel and Mr. Alvarado, that they had determined to transition the defense of the

Adversary Proceeding to new counsel, primarily because the costs attendant to the

Togut Firm had become burdensome to the Clients.  However, the Clients asked, and I

---

[1]    Capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

agreed, for the Togut Firm to remain involved in the matter during the "pause" period created by the extended discovery deadlines for the purpose of participating in settlement discussions with Plan Administrator's counsel and to facilitate the transition of the litigation to new counsel to be identified and engaged by the Clients (to the extent the litigation were not settled during this period).

6.      More recently, the Togut Firm assisted the Clients with responding to certain information requests received from the Plan Administrator and Barclays in connection with the sale of the building at 350 E. 52nd Street.

7.      I informed the Clients that the Togut Firm intended to move to formally withdraw from its representation of the Clients in the Adversary Proceeding.

8.      On September 4, 2025, I advised counsel for the Plan Administrator of the Clients' decision to transition the litigation to new counsel and of the Clients' intention to focus on a global settlement that would include the Adversary Proceeding. Counsel for the Plan Administrator and I agreed to schedule a settlement conference to review the settlement proposal and to further extend the deadlines pending under the First Amended Scheduling Order.

9.      On September 18, 2025, the Court entered the Second Amended Scheduling Order, further extending the discovery deadlines as set forth therein.

10.     It is the Clients' hope and intention that, during this pause (as extended by the Second Amended Scheduling Order), the parties to the Adversary Proceeding can focus on reaching a settlement, and that any such settlement will also, and more globally, resolve, among others, the claims of the Plan Administrator asserted in the BMCLL Adversary Proceeding (being handled on behalf of certain of the Clients by the Zukerman Gore Firm) as well as claims of Barclays arising under Mr. Koeppel's personal guarantee in favor of Barclays.  As noted, counsel for the Plan Administrator

has responded favorably to the requests to schedule a settlement conference in connection with the July 22nd settlement proposal, as well as the Zukerman Gore Firm's settlement proposal in the BMCLL Adversary Proceeding.[2]  However, to date, such conference has not yet taken place and a substantive response on the Togut Firm's settlement proposal has not yet been received.

11.     If the settlement conference with counsel is scheduled and held prior to entry, if any, by the Court of the order approving the Togut Firm's withdrawal, I expect to attend such conference on the Clients' behalf.  If the Court enters such order before the settlement conference is held, then notwithstanding my firm's withdrawal as counsel of record, I still intend, if and to the extent expressly requested by the Clients, to participate in such settlement conference and to aid in the transition of the litgiation to successor counsel.

12.     A copy of the Motion and this Oswald Declaration have been provided to the Clients.

13.     As of the date hereof, it is my understanding that successor counsel has not yet been engaged by the Clients.

14.     No prior application for the relief requested herein has been made to this or any other Court.

---

[2]     On my understanding, the Zukerman Gore Firm first conveyed its settlement proposal in the BMCLL Adversary Proceeding on or around March 5, 2025.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

foregoing is true and correct.

Dated:    New York, New York
          September 26, 2025

                                        /s/ Frank A. Oswald
                                        FRANK A. OSWALD
                                        TOGUT, SEGAL & SEGAL LLP
                                        One Penn Plaza, Suite 3335
                                        New York, New York 10119
                                        (212) 594-5000

**Exhibit B**

**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x
                                   :
In re:                           :     Chapter 11
                                     :
EASTGATE WHITEHOUSE, LLC,   :     Case No. 22-22635 (SHL)
                                     :
                  Debtor.       :
                                     :
-------------------------------------------------------------------- x
                                     :
DAVID WALLACE, as Chapter 11    :
Administrator of The Estate of EASTGATE  :
WHITEHOUSE, LLC,           :
                                     :     Adv. Pro. No. 24-07028 (SHL)
                Plaintiff,     :
                                     :
       v.                              :
                                     :
WILLIAM W. KOEPPEL, HARRISON KOEPPEL,  :
JEAN KOEPPEL, WILLIAM C. KOEPPEL,    :
LIVINGSTON MANAGEMENT LLC,       :
CHRISTOPHER ALVARADO, THE LAW OFFICE  :
OF CHRISTOPHER ALVARADO, P.C., KOEPPEL  :
& KOEPPEL REALTY MANAGEMENT, LIVING   :
NY, WHITEHOUSE ESTATES, INC., "JOHN DOE  :
NO. 1" to "JOHN DOE NO. 20" inclusive, the last  :
twenty names being fictitious and unknown to   :
plaintiff, representing persons, insiders or affiliates, :
parties or corporations, if any, having participated  :
in the actions complained of herein and/or who   :
may have received improper and avoidable     :
transfers from the Debtor,          :
                                     :
                Defendants.    :
-------------------------------------------------------------------- x

## ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL
## IN THE ABOVE-CAPTIONED ADVERSARY PROCEEDING

Upon consideration of the *Motion to Withdraw as Counsel* (the "<u>Motion</u>"),[1]

filed by Togut, Segal & Segal LLP (the "<u>Togut Firm</u>"), the Court finds that it has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and 28 U.S.C.

---

[1]   Capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

§ 157(b);  venue is proper in this district pursuant to 28 U.S.C. § 1409;  proper and

adequate notice having been given under the circumstances;  it appearing that no other

or further notice need be provided;  and after due deliberation and sufficient cause

appearing thereof, it is hereby:

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is GRANTED.

2.      The Togut Firm is hereby permitted to withdraw, and shall be

deemed to have withdrawn, as the counsel to Defendants William W. Koeppel,

Harrison Koeppel, Jean Koeppel, William C. Koeppel, Christopher Alvarado, The Law

Office of Christopher Alvarado, P.C., Koeppel & Koeppel Realty Management, and

Whitehouse Estates, Inc. in the Adversary Proceeding.

3.      The terms and conditions of this Order shall be immediately

effective and enforceable upon its entry.

4.      This Court retains jurisdiction with respect to all matters arising

from or related to the implementation of this Order.


DATED:  White Plains, New York
            October __, 2025


_____
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE